IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATHLEEN McHUGH,
ERIC FULLER,
KENNETH HENNRICK, JR.,
DEANNA SCHNEIDER,
DORIS YANG BERGE,
PRENTICE BERGE,
PETER UTTECH,
SHARON HELMUS,
CARLA MILLS,
BRANDI ROGERS, and
CHAD GOOBLIS,

         Plaintiffs,

  -v-              Case No. 11-CV-724

MADISON-KIPP CORPORATION,
and ABC INSURANCE COMPANIES
1 – 50,

         Defendants.

**COMPLAINT**

  Plaintiffs, Kathleen McHugh, Eric Fuller, Kenneth Hennrick, Jr., Deanna Schneider, Doris Yang Berge, Prentice Berge, Peter Uttech, Sharon Helmus, Carla Mills, Brandi Rogers, and Chad Gooblis (collectively, "Plaintiffs"), by and through their attorneys, Shawn M. Collins and Edward J. Manzke of the Collins Law Firm, P.C., Norman B. Berger and Michael D. Hayes of Varga Berger Ledsky Hayes & Casey, and Richard J. Lewandowski of Whyte Hirschboeck Dudek S.C., for their Complaint against Defendants, Madison-Kipp Corporation ("MKC") and ABC Insurance Companies 1 - 50, state as follows:

## NATURE OF THE ACTION

1. This is a lawsuit brought by residents of Madison, Wisconsin who live in an area that has been contaminated by a nearby manufacturing facility (the "Facility") owned and operated by MKC.

2. Over the course of many years, MKC spilled, leaked and otherwise released large volumes of toxic chemicals onto the ground and into the environment at the Facility. The Facility property is severely contaminated. The toxic chemicals released by MKC at the Facility have migrated into the surrounding residential area, contaminating the air inside and soil and groundwater beneath Plaintiffs' homes. Plaintiffs have been and continue to be directly exposed to these toxic chemicals, which are present in unsafe levels within and beneath their homes.

3. The value of Plaintiffs' homes has been substantially diminished due to the contamination caused by MKC. This lawsuit seeks to recover these lost property values, as well as other damages (compensatory and punitive) authorized by Wisconsin law.

4. MKC has failed to adequately investigate and remediate the contamination present at the Facility, which continues to migrate onto Plaintiffs' properties. MKC has failed to adequately investigate and delineate the geographical scope of contamination emanating from the Facility,[1] and has taken insufficient steps to remediate the contamination known to exist on Plaintiffs' properties. This lawsuit thus seeks injunctive relief against MKC under the federal RCRA statute and Wisconsin law, specifically the entry of an order which 1) preliminarily and permanently restrains and enjoins MKC from allowing its contamination from continuing to migrate onto Plaintiffs' and other off-site properties, 2) compels MKC to investigate and

---

[1] In the event that further environmental investigation reveals that other properties in the area, not owned by Plaintiffs, have been impacted by releases of hazardous substances at the MKC site, Plaintiffs reserve the right to seek leave to amend to add additional individual plaintiffs and/or to convert this case into a class action, as warranted.

delineate the geographical scope of contamination caused by MKC's releases of hazardous substances and wastes, and 3) compels MKC to sufficiently and permanently abate the contamination it has caused at the Facility, on Plaintiffs' properties, and on other impacted properties in the area.

## THE PARTIES

5. Defendant MKC is a Delaware corporation with its principal place of business located in Madison, Wisconsin. MKC's Facility is located at 201 Waubesa Street, Madison, Wisconsin.

6. Defendants ABC Insurance Companies 1 – 50 are unknown insurance companies who, on information and belief, issued primary and excess comprehensive general liability and other types of insurance policies to MKC which entitle MKC to indemnification against one or more of the claims asserted in this action by Plaintiffs.

7. Plaintiffs Kathleen McHugh and Eric Fuller own property located at 146 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

8. Plaintiff Kenneth Hennrick, Jr. owns property located at 142 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

9. Plaintiff Deanna Schneider owns property located at 150 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

10. Plaintiffs Doris Yang Berge and Prentice Berge own property located at 154 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

11. Plaintiff Peter Uttech owns property located at 162 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

12. Plaintiffs Sharon Helmus and Carla Mills own property located at 166 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

13. Plaintiffs Chad Gooblis and Brandi Rogers own property located at 202 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as Plaintiffs assert a claim (Count I) under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6921, *et seq.,* and has supplemental jurisdiction over Plaintiffs' common law claims (Counts II – V) under 28 U.S.C. §1367.

15. Pursuant to 42 U.S.C. §6972(a) and 28 U.S.C. §1391(b), venue is proper in this Court because this case arises out of actions occurring at and pertaining to property located in Madison, Wisconsin, within this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

16. MKC has conducted manufacturing operations at the Facility for many decades, dating back at least until 1967.

17. Various hazardous substances, including tetrachloroethylene ("PCE") and trichloroethylene ("TCE"), known human carcinogens, were used at the Facility during MKC's ownership and operation of the Facility. Upon their disposal by MKC, PCE and TCE became hazardous wastes within the meaning of RCRA and regulations adopted thereunder. MKC used PCE and TCE at the Facility over the course of several decades, including throughout most of the 1980's.

18. MKC stored on site, disposed of and released various hazardous substances and hazardous wastes, including PCE and TCE, into the environment at the Facility. MKC disposed

of PCE and TCE into the environment at the Facility over the course of several decades, including throughout most of the 1980's.

19. The hazardous substances and hazardous wastes, including PCE and TCE, released by MKC at the Facility have migrated and continue to migrate onto Plaintiffs' properties and other properties in the area. The groundwater and soil beneath Plaintiffs' homes is contaminated. PCE and TCE vapors are present inside Plaintiffs' homes.

20. As a result of MKC's contamination, the value of Plaintiffs' homes has been severely diminished. Further, Plaintiffs have been forced to live in homes impacted by contamination, resulting in the loss of the reasonable use and enjoyment of their property, and aggravation and annoyance.

21. MKC has failed to adequately investigate and remediate the contamination caused by its unlawful hazardous waste handling practices, which continue to migrate onto Plaintiffs' properties.

22. MKC has failed to adequately investigate and delineate the geographical scope of contamination emanating from the Facility.

23. MKC has taken insufficient steps to remediate the contamination known to exist on Plaintiffs' properties.

**COUNT I**
**RCRA § 6972(a)(1)(B)**

24. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 23 of this Complaint as paragraph 24 of this Count I, as though fully set forth herein.

25. Defendant MKC is a "person" as defined in RCRA §1004(15), 42 U.S.C. §6903(15).

26.     The PCE and TCE handled, stored and disposed of at, and released and migrating from the Facility, and the resulting contaminated media, are hazardous wastes as defined in RCRA §1004(5) and (27),  42 U.S.C. §6903(5) and (27).

27.     MKC engaged in the handling, storage, treatment, transportation or disposal of hazardous wastes in a manner which has contributed to and is contributing to the contamination of the Facility, Plaintiffs' properties, other properties in the area, and the environment.

28.     During the period of MKC's ownership, operation, and control of the Facility, various hazardous wastes, including PCE and TCE, which had been disposed of at the Facility, migrated off of the Facility property and contaminated the surrounding environment.  Those releases from the Facility have been determined to have contaminated Plaintiffs' properties and to have threatened other properties in the area.  MKC is responsible for the subject contamination, by failing to properly handle, dispose, and contain the hazardous wastes at and released from the Facility, and by failing to properly investigate and abate the contamination that has migrated from the Facility onto Plaintiffs' properties and other properties in the area.  The releases from the Facility present an imminent and substantial endangerment to health and the environment as defined in RCRA.  As a contributor to this hazardous condition, MKC is subject to suit pursuant to RCRA §7002(a)(1)(B), 42 U.S.C. §6972(a)(1)(B).

29.     In accordance with 42 U.S.C. §6972(b) and 40 C.F.R. 254, Plaintiffs sent a letter by registered mail, return receipt requested, dated July 19, 2011 to MKC, providing it with prior notice of the violations alleged and the claims made in this Count.  Copies of the letter were also sent in a like manner as required to the Administrator of the United States Environmental Protection Agency ("U.S. E.P.A."), the Attorney General of the United States, the Regional Administrator for Region V of the U.S. E.P.A., and the Secretary of the Wisconsin Department

of Natural Resources ("DNR"). This letter was received by MKC more than 90 days prior to the filing of this Complaint. No actions have been commenced by these federal or state environmental authorities during this 90-day period which would preclude Plaintiffs from pursuing a claim herein under RCRA §7002(a)(1)(B), 42 U.S.C. §6972(a)(1)(B).

30. Pursuant to 42 U.S.C. §6972(b)(2)(F), Plaintiffs will serve a copy of this Complaint on the Attorney General of the United States and the Administrator of the U.S. E.P.A.

31. This Court has jurisdiction pursuant to RCRA §7002(a), 42 U.S.C. §6972(a), to enter injunctive relief restraining and enjoining MKC from allowing continued contamination of Plaintiffs' properties and other properties in the area, compelling MKC to perform an environmental investigation which defines the geographical scope of the contamination emanating from the Facility, and compelling MKC to abate the contamination it has caused at the Facility, on Plaintiffs' properties, and on other impacted properties in the area. Under RCRA, this Court should also award Plaintiffs their attorneys' fees and expert costs, and impose any appropriate civil penalties.

## COUNT II
## NEGLIGENCE

32. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 31 of this Complaint as paragraph 32 of this Count II, as though fully set forth herein.

33. MKC had and has a duty to Plaintiffs not to permit or allow hazardous substances and hazardous wastes, including PCE and TCE, at the Facility to invade the groundwater, soil and air on Plaintiffs' properties. MKC also had and has a duty to promptly respond to known releases of contaminants in a manner which would prevent further contamination, and otherwise protect Plaintiffs from this contamination and the impacts it has on Plaintiffs' properties.

34. MKC has breached these duties by its negligent acts and omissions in owning, operating, maintaining, and controlling the Facility, by its improper release and disposal of contaminants, by its failure to properly handle, dispose of, contain and abate the hazardous wastes at, and released from, the Facility, and by its failure to promptly and effectively investigate and address the disposal and migration of contaminants off-site and into the surrounding residential areas.

35. MKC has also breached its duty to timely warn Plaintiffs of the threatened and actual contamination of their properties, and the risk of personal harm due to the presence of PCE and TCE vapors within their homes.

36. MKC's breaches of its duties to Plaintiffs are continuing and have caused substantial injury and damage to Plaintiffs, including, but not limited to, injury in the form of damages to their property, loss of property value, loss of the reasonable use and enjoyment of their property, and aggravation and annoyance. In addition to compensatory damages, Plaintiffs also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued contamination of Plaintiffs' properties and compelling MKC to abate the contamination it has caused on Plaintiffs' properties.

## COUNT III
## PRIVATE NUISANCE

37. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 36 of this Complaint as paragraph 37 of this Count III, as though fully set forth herein.

38. The Facility is a private nuisance to Plaintiffs. MKC remains in control of the Facility with respect to addressing the contamination present there and which continues to impact Plaintiffs' neighboring properties.

39. Contaminants improperly disposed at and released from the Facility continue to migrate onto Plaintiffs' properties.

40. MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. MKC's continuing control over the Facility, so as to cause and permit further contamination of Plaintiffs' properties, constitutes an unreasonable, unwarranted and unlawful use of the Facility. MKC's control and maintenance of this nuisance has substantially interfered with Plaintiffs' reasonable use and enjoyment of their properties.

41. Plaintiffs have suffered substantial damage as a result of MKC's control and ongoing maintenance of the Facility, a private nuisance. In addition to damages, Plaintiffs also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued contamination of Plaintiffs' properties, and compelling MKC to abate the contamination it has caused on Plaintiffs' properties.

## COUNT IV
## TRESPASS

42. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 41 of this Complaint as paragraph 42 of this Count IV, as though fully set forth herein.

43. MKC continues to cause and permit contaminants to enter Plaintiffs' properties. This entry is unlawful and without the consent of Plaintiffs.

44. In addition, contaminants that originate from the Facility are known, or should be known, by MKC to be present at, on and/or inside Plaintiffs' properties. In spite of this knowledge, MKC has failed to remove or otherwise sufficiently remediate these hazardous waste contaminants from Plaintiffs' properties.

45. MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. MKC's past and continuing wrongful acts and omissions have

resulted, and continue to result in: releases of contaminants from the Facility into the environment; migration of such contaminants to Plaintiffs' properties; and invasion of Plaintiffs' properties, without the consent of Plaintiffs.

46. The invasion of Plaintiffs' properties is unreasonable and unlawful. As a result of MKC's continuing trespasses, the lawful rights of Plaintiffs to use and enjoy their properties has been substantially interfered with, and Plaintiffs have been damaged. In addition to damages, Plaintiffs also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued contamination of Plaintiffs' properties, and compelling MKC to abate the contamination it has caused on Plaintiffs' properties.

## COUNT V
## WILLFUL AND WANTON MISCONDUCT

47. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 46 of this Complaint as paragraph 47 of this Count V, as though fully set forth herein.

48. MKC has acted in a willful and wanton manner and in reckless indifference to Plaintiffs' health and property, and to the safety of the general public.

49. MKC knew that Plaintiffs are exposed to and otherwise threatened by this contamination, yet has intentionally failed to promptly and adequately investigate and mitigate the threat to Plaintiffs.

50. MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. MKC has failed to adequately remediate the Facility and thereby has continued to contaminate Plaintiffs' properties. MKC also has failed to sufficiently remediate Plaintiffs' homes, exposing Plaintiffs to hazardous chemicals.

51. As a direct and proximate result of the willful, wanton and reckless acts and/or omissions of MKC, Plaintiffs have sustained damages. In addition to damages, Plaintiffs also

seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued contamination of Plaintiffs' properties, and compelling MKC to abate the contamination it has caused on Plaintiffs' properties.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants, and specifically request entry of the following relief:

A. that pursuant to Plaintiffs' RCRA claim, the Court enter an order 1) preliminarily and permanently restraining and enjoining MKC from allowing its contamination from continuing to migrate onto Plaintiffs' and other off-site properties, 2) compelling MKC to investigate and delineate the geographical scope of contamination caused by MKC's releases of hazardous substances and wastes, and 3) compelling MKC to sufficiently and permanently abate the contamination it has caused at the Facility, on Plaintiff's properties, and other impacted properties in the area;

B. that pursuant to Plaintiffs' RCRA claim, the Court award Plaintiffs their costs of litigation (including reasonable attorney and expert witness fees);

C. that pursuant to Plaintiffs' common law claims, the Court award Plaintiffs compensatory and other appropriate damages in amounts to be determined by the evidence at trial and allowed by law;

D. that pursuant to Plaintiffs' common law claims, the Court award Plaintiffs punitive damages as allowed by law and in an amount sufficient to deter MKC and other companies and/or individuals who are similarly situated from acting in a similar manner;

E. that pursuant to Plaintiffs' common law claims, the Court preliminarily and permanently restrain and enjoin MKC from allowing continued contamination of Plaintiffs' properties and compel MKC to abate the contamination it has caused on Plaintiffs' properties;

F. that the Court declare that ABC Insurance Companies 1 – 50 are obligated to indemnify MKC against the damages and other relief awarded to Plaintiffs in this action or, alternatively, to satisfy such damages and other relief directly to Plaintiffs in the event MKC fails to do so; and

G. that the Court award Plaintiffs their costs of suit and such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMANDED

Plaintiffs request trial by jury on all issues so triable.

Dated:  October 20, 2011

By:  *s/ Cynthia L. Buchko*
One of Plaintiffs' Attorneys

Richard J. Lewandowski
State Bar No. 1018459
Cynthia L. Buchko
State Bar No. 1036102
Whyte Hirschboeck Dudek S.C.
33 East Main Street, Suite 300
Madison, Wisconsin  53703
(608) 225-4440

Shawn M. Collins*
Edward J. Manzke*
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street
Suite 200
Naperville, Illinois  60563
(630) 527-1595

Norman B. Berger*
Michael D. Hayes*
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
125 South Wacker Drive
Suite 2150
Chicago, Illinois  60606
(312) 341-9400

Counsel for Plaintiffs

* Application for admission to practice before the Western District to be submitted.