IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATHLEEN McHUGH and
DEANNA SCHNEIDER,
Individually and on behalf of
all persons similarly situated,

                        Plaintiffs,

    -v-

MADISON-KIPP CORPORATION,
CONTINENTAL CASUALTY
COMPANY, COLUMBIA CASUALTY
COMPANY, UNITED STATES FIRE
INSURANCE COMPANY and ABC
INSURANCE COMPANIES 1 – 50,

                        Defendants.

Case No. 11-cv-724-bbc

**FIRST AMENDED COMPLAINT – CLASS ACTION**

Plaintiffs, Kathleen McHugh and Deanna Schneider, individually and on behalf of all others similarly situated, by and through their attorneys, Shawn M. Collins and Edward J. Manzke of the Collins Law Firm, P.C., Norman B. Berger and Michael D. Hayes of Varga Berger Ledsky Hayes & Casey, and Richard J. Lewandowski of Whyte Hirschboeck Dudek S.C., for their First Amended Complaint against Defendants, Madison-Kipp Corporation ("MKC"), Continental Casualty Company ("Continental"), Columbia Casualty Company ("Columbia"), United States Fire Insurance Company ("U.S. Fire") and ABC Insurance Companies 1 - 50, state as follows:

## **NATURE OF THE ACTION**

1. This is a class action lawsuit brought by and on behalf of residents of Madison, Wisconsin who live in an area that has a very serious vapor intrusion problem caused by contamination emanating from a nearby manufacturing facility (the "Facility") owned and operated by MKC.

2. Over the course of many years, MKC spilled, leaked and otherwise released large volumes of toxic chemicals onto the ground and into the environment at the Facility. The Facility property is severely contaminated. The toxic chemicals released by MKC at the Facility have migrated in vapor form into the surrounding residential area, impacting and/or threatening properties throughout the Class Area (as that term is defined below in Paragraph 23). Plaintiffs and other residents throughout the Class Area have been and continue to be exposed to and/or threatened by these toxic chemicals, which are present in vapor form in unsafe levels within, beneath and adjacent to their homes.

3. The value of homes owned by Plaintiffs and other residents throughout the Class Area has been substantially diminished due to the vapor intrusion contamination caused by MKC. This lawsuit seeks to recover these lost property values, as well as other damages (compensatory and punitive) authorized by Wisconsin law.

4. MKC has failed to adequately investigate and remediate the contamination present at the Facility, which continues to migrate in vapor form onto the properties of Plaintiffs and other residents throughout the Class Area. MKC has failed to adequately investigate and delineate the geographical scope of contamination emanating from the Facility, and has taken insufficient steps to remediate the vapor intrusion issues known to exist on properties owned by Plaintiffs and other residents throughout the Class Area. This lawsuit thus seeks injunctive relief

2

against MKC under the federal RCRA statute and Wisconsin law, specifically the entry of an order which 1) preliminarily and permanently restrains and enjoins MKC from allowing its toxic vapor contamination from continuing to migrate onto Plaintiffs' and other Class Area properties, 2) compels MKC to investigate and delineate the geographical scope of contamination caused by MKC's releases of hazardous substances and wastes, and 3) compels MKC to sufficiently and permanently abate the contamination it has caused at the Facility, on Plaintiffs' and Class Area properties, and on other impacted properties in the area.

## THE PARTIES

5. Defendant MKC is a Delaware corporation with its principal place of business located in Madison, Wisconsin. MKC owns and operates the Facility, which is located at 201 Waubesa Street, Madison, Wisconsin.

6. Defendant Continental is an insurance company organized under the laws of the state of Illinois, with its principal place of business in Illinois. Based on information produced in this case by MKC, it appears that Continental issued certain insurance policies to MKC, including without limitation policy numbers CCP007414991, CCP069125660, and CCP072079393, which entitle MKC to indemnification against one or more of the claims asserted in this action by Plaintiffs.

7. Defendant Columbia is an insurance company organized under the laws of the state of Illinois, with its principal place of business in Illinois. Columbia is a direct or indirect subsidiary of Continental. Based on information produced in this case by MKC, it appears that Columbia issued certain insurance policies to MKC, including without limitation policy numbers UMB 6891305 and RDX 022079387, which entitle MKC to indemnification against one or more of the claims asserted in this action by Plaintiffs.

8.     Defendant U.S. Fire is an insurance company organized under the laws of Delaware, with its principal place of business in New Jersey.  Based on information produced in this case by MKC, it appears that U.S. Fire issued certain insurance policies to MKC, including without limitation policy numbers 523-220099 4 and 523-377264 6, which entitle MKC to indemnification against one or more of the claims asserted in this action by Plaintiffs.

9.     Defendants ABC Insurance Companies 1 – 50 are unknown insurance companies other than Continental, Columbia and U.S. Fire which, on information and belief, issued primary and excess comprehensive general liability and other types of insurance policies to MKC which may entitle MKC to indemnification against one or more of the claims asserted in this action by Plaintiffs.

10.    Plaintiff Kathleen McHugh owns and resides in property located within the Class Area at 146 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.

11.    Plaintiff Deanna Schneider owns and resides in property located within the Class Area at 150 S. Marquette Street, Madison, Wisconsin, adjacent to the Facility.[1]

## JURISDICTION AND VENUE

12.    This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as Plaintiffs assert a claim (Count I) under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §6921, *et seq.,* and has supplemental jurisdiction over Plaintiffs' common law claims (Counts II – V) under 28 U.S.C. §1367.

---

[1] In addition to Kathleen McHugh and Eric Fuller, the original complaint in this case also included individual claims by Plaintiffs Kenneth Hennrick, Jr., Deanna Schneider, Doris Yang Berge, Prentice Berge, Peter Uttech, Sharon Helmus, Carla Mills, Brandi Rodgers, and Chad Gooblis.  Because this Amended Complaint is pursuing the same claims asserted in the original Complaint on a class action basis (with McHugh and Fuller as class representatives), and because the above specified original Plaintiffs are members of the proposed Class in this case, these original plaintiffs are no longer proceeding as name parties in this matter.  By withdrawing their individual claims and electing to proceed as members of the putative class, none of these individuals are waiving any rights or legal remedies available to them, including the right to reassert their individual claims should class certification not be granted in this case.

4

13. Pursuant to 42 U.S.C. §6972(a) and 28 U.S.C. §1391(b), venue is proper in this Court because this case arises out of actions occurring at and pertaining to property located in Madison, Wisconsin, within this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

14. MKC has conducted manufacturing operations at the Facility for many decades, dating back at least until 1967.

15. Various hazardous substances, including tetrachloroethylene ("PCE") and trichloroethylene ("TCE"), known human carcinogens, were used at the Facility during MKC's ownership and operation of the Facility. Upon their disposal by MKC, PCE and TCE became hazardous wastes within the meaning of RCRA and regulations adopted thereunder. MKC used PCE and TCE at the Facility over the course of several decades, including throughout most of the 1980's.

16. MKC stored on site, disposed of and released various hazardous substances and hazardous wastes, including PCE and TCE, into the environment at the Facility. MKC disposed of PCE and TCE into the environment at the Facility over the course of several decades, including throughout most of the 1980's.

17. The hazardous substances and hazardous wastes, including PCE and TCE, released by MKC at the Facility have migrated and continue to migrate in vapor form onto or immediately adjacent to all properties in the Class Area. PCE and TCE vapors are present beneath, inside or adjacent to homes throughout the Class Area, threatening the health of all residents in the Class Area. Plaintiffs and members of the Class first learned in 2010 that properties in the Class Area were impacted and/or threatened by vapor intrusion of contamination emanating from the Facility.

18. As a result of MKC's contamination, the value of properties in the Class Area has been severely diminished. Further, Plaintiffs and other members of the Class have been forced to live in homes impacted and/or threatened by vapor intrusion contamination, resulting in the loss of the reasonable use and enjoyment of their property, and aggravation and annoyance.

19. MKC has failed to adequately investigate and remediate the vapor intrusion contamination caused by its unlawful hazardous waste handling practices, which continues to migrate into and throughout the Class Area.

20. MKC has failed to adequately investigate and delineate the geographical scope of the vapor contamination emanating from the Facility.

21. MKC has taken insufficient steps to remediate the vapor intrusion contamination known to exist on and adjacent to properties throughout the Class Area.

## CLASS ALLEGATIONS

22. Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23. The Class consists of all persons and non-governmental entities that own or reside in residential property on South Marquette Street (property addresses ranging from 102 through 230 South Marquette Street) and Waubesa Street (property addresses ranging from 233 through 269 Waubesa Street) in Madison, Wisconsin (the "Class Area").[2] The specific properties located within the Class Area are depicted on the figure attached hereto as Exhibit 1.

24. The Class consists of more than eighty (80) persons and/or legal entities, and is accordingly so numerous that joinder of all members is impractical.

---

[2] The geographic boundaries of the Class Area have been determined based on information presently available to Plaintiffs. Plaintiffs reserve the right to later expand the boundaries of the proposed Class Area based on information (including future testing) not presently available to Plaintiffs.

6

25. There are core questions of law and fact that are common to each member of the Class, such as: whether there have been releases of hazardous substances and wastes, including TCE and PCE, at and from the Facility; whether such releases have migrated into and impacted and/or threatened properties within the Class Area; whether MKC is legally responsible for the contamination in the Class Area; whether Plaintiffs and the Class have been damaged by the contamination caused by the Facility; and whether MKC should be ordered to abate the contamination present in the Class Area.

26. Plaintiffs' claims are typical of the claims of the Class. All claims seek recovery on the same legal theories and are based upon MKC's and its predecessors' common course of conduct.

27. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

28. Plaintiffs have retained counsel who are competent and experienced in class action litigation, including environmental class action suits such as this one.

## COUNT I

## RCRA § 6972(a)(1)(B)

29. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28 of this Amended Complaint as paragraph 29 of this Count I, as though fully set forth herein.

30. Defendant MKC is a "person" as defined in RCRA §1004(15), 42 U.S.C. §6903(15).

31. The PCE and TCE handled, stored and disposed of at, and released and migrating from the Facility, and the resulting contaminated media, are hazardous wastes as defined in RCRA §1004(5) and (27), 42 U.S.C. §6903(5) and (27).

7

32. MKC engaged in the handling, storage, treatment, transportation or disposal of hazardous wastes in a manner which has contributed to and is contributing to the contamination of the Facility, the Class Area, other properties in the area, and the environment.

33. During the period of MKC's ownership, operation, and control of the Facility, various hazardous wastes, including PCE and TCE, which had been disposed of at the Facility, migrated off of the Facility property and contaminated the soil, groundwater and air in the surrounding environment. Those releases from the Facility have been determined to have contaminated and/or threatened properties throughout the Class Area. MKC is responsible for the subject soil, groundwater and air contamination, by failing to properly handle, dispose, and contain the hazardous wastes at and released from the Facility, and by failing to properly investigate and abate the contamination that has migrated from the Facility onto Class Area properties and other properties in the area. The releases from the Facility present an imminent and substantial endangerment to health and the environment as defined in RCRA. As a contributor to this hazardous condition, MKC is subject to suit pursuant to RCRA §7002(a)(1)(B), 42 U.S.C. §6972(a)(1)(B).

34. In accordance with 42 U.S.C. §6972(b) and 40 C.F.R. 254, Plaintiffs sent a letter by registered mail, return receipt requested, dated July 19, 2011 to MKC, providing it with prior notice of the violations alleged and the claims made in this Count. Copies of the letter were also sent in a like manner as required to the Administrator of the United States Environmental Protection Agency ("U.S. E.P.A."), the Attorney General of the United States, the Regional Administrator for Region V of the U.S. E.P.A., and the Secretary of the Wisconsin Department of Natural Resources ("DNR"). This letter was received by MKC more than 90 days prior to the filing of this lawsuit. No actions have been commenced by these federal or state environmental

authorities during this 90-day period which would preclude Plaintiffs and the Class from pursuing a claim herein under RCRA §7002(a)(1)(B), 42 U.S.C. §6972(a)(1)(B).

35.     Pursuant to 42 U.S.C. §6972(b)(2)(F), Plaintiffs will serve a copy of this Amended Complaint on the Attorney General of the United States and the Administrator of the U.S. E.P.A.

36.     This Court has jurisdiction pursuant to RCRA §7002(a), 42 U.S.C. §6972(a), to enter injunctive relief restraining and enjoining MKC from allowing continued contamination of Class Area properties and other properties in the area, compelling MKC to perform an environmental investigation which defines the geographical scope of the contamination emanating from the Facility, and compelling MKC to abate the soil, groundwater and air contamination it has caused at the Facility, on Plaintiffs' property, on Class Area properties, and on other impacted properties in the area.  Under RCRA, this Court should also award Plaintiffs and the Class their attorneys' fees and expert costs, and impose any appropriate civil penalties.

## COUNT II

## NEGLIGENCE

37.     Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28 of this Complaint as paragraph 37 of this Count II, as though fully set forth herein.

38.     MKC had and has a duty to Plaintiffs and the Class not to permit or allow hazardous substances and hazardous wastes, including PCE and TCE, used at the Facility to impact and/or threaten Plaintiffs' and Class Area properties.  MKC also had and has a duty to promptly respond to known releases of contaminants in a manner which would prevent further vapor intrusion contamination, and otherwise protect Plaintiffs and the Class from this vapor intrusion contamination and the impacts it has on Class Area properties.

9

39. MKC has breached these duties by its negligent acts and omissions in owning, operating, maintaining, and controlling the Facility, by its improper release and disposal of contaminants, by its failure to properly handle, dispose of, contain and abate the hazardous wastes at, and released from, the Facility, and by its failure to promptly and effectively investigate and address the migration of vapor intrusion contamination off-site and into the surrounding residential areas.

40. MKC has also breached its duty to timely warn Plaintiffs and the Class of the actual and/or threatened vapor intrusion contamination of their properties, and the risk of personal harm due to the presence of PCE and TCE vapors within and beneath their homes.

41. MKC's breaches of its duties to Plaintiffs and the Class are continuing and have caused substantial injury and damage to Plaintiffs and the Class, including, but not limited to, injury in the form of damages to their property, loss of property value, loss of the reasonable use and enjoyment of their property, and aggravation and annoyance. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling MKC to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT III

## PRIVATE NUISANCE

42. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28 and 38 through 41 of this Complaint as paragraph 42 of this Count III, as though fully set forth herein.

43. The Facility is a private nuisance to Plaintiffs and the Class. MKC remains in control of the Facility with respect to addressing the contamination present there and which continues to cause vapor intrusion contamination throughout the Class Area.

44. Contaminants improperly disposed at and released from the Facility continue to migrate in vapor form onto Class Area properties.

45. MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. MKC's continuing control over the Facility, so as to cause and permit further vapor intrusion contamination of Class Area properties, constitutes an unreasonable, unwarranted and unlawful use of the Facility. MKC's control and maintenance of this nuisance has substantially interfered with Plaintiffs' and other Class members' reasonable use and enjoyment of their properties.

46. Plaintiffs and the Class have suffered substantial damage as a result of MKC's control and ongoing maintenance of the Facility, a private nuisance. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling MKC to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT IV

## TRESPASS

47. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28 and 38 through 46 of this Complaint as paragraph 47 of this Count IV, as though fully set forth herein.

48.     MKC continues to cause and permit vapor intrusion contaminants to enter Plaintiffs' and Class Area properties.  This entry is unlawful and without the consent of Plaintiffs and the Class.

49.     In addition, vapor intrusion contaminants that originate from the Facility are known, or should be known, by MKC to be present at, on and/or inside Class Area properties.  In spite of this knowledge, MKC has failed to remove or otherwise sufficiently remediate these hazardous waste contaminants from Class Area properties.

50.     MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility.  MKC's past and continuing wrongful acts and omissions have resulted, and continue to result in: releases of contaminants from the Facility into the environment; migration of such contaminants in vapor form to Class Area properties; and invasion of Class Area properties, without the consent of Plaintiffs and the Class.

51.     The invasion of Class Area properties is unreasonable and unlawful.  As a result of MKC's continuing trespasses, the lawful rights of Plaintiffs and Class Members to use and enjoy their properties has been substantially interfered with, and Plaintiffs and the Class have been damaged.  In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling MKC to abate the vapor intrusion contamination it has caused in the Class Area.

## COUNT V

## WILLFUL AND WANTON MISCONDUCT

52. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 28 and 38 through 51 of this Complaint as paragraph 52 of this Count V, as though fully set forth herein.

53. MKC has acted in a willful and wanton manner and in reckless indifference to Plaintiffs' and the Class's health and property, and to the safety of the general public.

54. MKC knew that Plaintiffs and the Class are exposed to and/or threatened by this contamination, yet has intentionally failed to promptly and adequately investigate and mitigate the threat to Plaintiffs and the Class.

55. MKC has failed to properly dispose of, contain and abate the hazardous wastes at, and released from, the Facility. MKC has failed to adequately remediate the Facility and thereby has continued to contaminate Class Area properties. MKC also has failed to sufficiently remediate Class Area homes, exposing Plaintiffs and the Class to hazardous chemicals.

56. As a direct and proximate result of the willful, wanton and reckless acts and/or omissions of MKC, Plaintiffs and the Class have sustained damages. In addition to compensatory damages, Plaintiffs and the Class also seek injunctive relief under this Count, in the form of an injunctive order restraining and enjoining MKC from allowing continued vapor intrusion contamination of Plaintiffs' and Class members' properties and compelling MKC to abate the vapor intrusion contamination it has caused in the Class Area.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs and the Class request that this Court enter judgment in their favor and against Defendants, and specifically request entry of the following relief:

A. that pursuant to the RCRA claim in Count I, the Court enter an order 1) preliminarily and permanently restraining and enjoining MKC from allowing its contamination from continuing to migrate to Class Area and other off-site properties, 2) compelling MKC to investigate and delineate the geographical scope of the soil, groundwater and air contamination caused by MKC's releases of hazardous substances and wastes, and 3) compelling MKC to sufficiently and permanently abate the soil, groundwater and air contamination it has caused at the Facility, on Class Area properties, and other impacted properties in the area;

B. that pursuant to the RCRA claim asserted in Count I, the Court award Plaintiffs and the Class their costs of litigation (including reasonable attorney and expert witness fees);

C. that pursuant to the common law claims asserted in Counts II through V, the Court award Plaintiffs and the Class compensatory and other appropriate damages in amounts to be determined by the evidence at trial and allowed by law;

D. that pursuant to the common law claims asserted in Counts II through V, the Court award Plaintiffs and the Class punitive damages as allowed by law and in an amount sufficient to deter MKC and other companies and/or individuals who are similarly situated from acting in a similar manner;

E. that pursuant to the common law claims asserted in Counts II through V, the Court preliminarily and permanently restrain and enjoin MKC from allowing continued vapor intrusion contamination of Class Area properties and compel MKC to abate the vapor intrusion contamination it has caused on Class Area properties;

F. that the Court declare that Continental, Columbia, U.S. Fire and ABC Insurance Companies 1 – 50 are obligated to indemnify MKC against the damages and other relief awarded to Plaintiffs and the Class in this action or, alternatively, to satisfy such damages and other relief directly to Plaintiffs and the Class in the event MKC fails to do so; and

G. that the Court award Plaintiffs and the Class their costs of suit and such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMANDED

Plaintiffs and the Class request trial by jury on all issues so triable.

Dated: January 20, 2012

By: s/ Michael D. Hayes
One of Plaintiffs' Attorneys

Richard J. Lewandowski
Whyte Hirschboeck Dudek S.C.
State Bar No. 1018459
33 East Main Street, Suite 300
Madison, Wisconsin 53703
(608) 225-4440


Shawn M. Collins
Edward J. Manzke
Admitted pro hac vice
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street
Suite 200
Naperville, Illinois 60563
(630) 527-1595


Norman B. Berger
Michael D. Hayes
Admitted pro hac vice
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
125 South Wacker Drive
Suite 2150
Chicago, Illinois 60606
(312) 341-9400

Counsel for Plaintiffs and the Class

## **CERTIFICATE OF SERVICE**

Michael D. Hayes, an attorney, hereby certifies that a true and correct copy of the foregoing **First Amended Complaint - Class Action** was on January 20, 2012 electronically served on all counsel of record as a result of the CM/ECF filing of this document.


                                                s/ Michael D. Hayes