IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KATHLEEN McHUGH and DEANNA SCHNEIDER, individually and on behalf of all persons similarly situated, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| MADISON-KIPP CORPORATION, CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, UNITED STATES FIRE INSURANCE COMPANY and ABC INSURANCE COMPANIES 1-50, | ) ) ) ) ) ) | No. 11-cv-724 <br> Hon. Barbara B. Crabb, Judge |
| Defendants, | ) ) | Hon. Stephen L. Crocker, Magistrate Judge |
| —and— | ) ) |
| MADISON-KIPP CORPORATION, | ) |
| Cross-Claimant, | ) |
| v. | ) ) |
| CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) ) |
| Cross-Claim Defendants, | ) ) |
| —and— | ) ) |
| CONTINENTAL CASUALTY COMPANY and COLUMBIA CASUALTY COMPANY, | ) ) |
| Cross-Claimants/Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| MADISON-KIPP CORPORATION, | ) |
| Cross-Claim Defendant, | ) |
| and | ) |
| LUMBERMENS MUTUAL CASUALTY COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, and JOHN DOE INSURANCE COMPANIES 1-20, | ) ) ) ) |
| Third-Party Defendants. | ) |

## THIRD-PARTY COMPLAINT OF CONTINENTAL CASUALTY COMPANY AND COLUMBIA CASUALTY COMPANY

NOW COME Continental Casualty Company ("Continental") and Columbia Casualty Company ("Columbia"), by and through their undersigned counsel, and for their Third-Party Complaint against Lumbermens Mutual Casualty Company ("Lumbermens"), American Motorists Insurance Company ("American Motorists"), and John Doe Insurance Companies 1-20, respectfully state as follows:

## NATURE OF CLAIMS

1.      In this litigation, both Plaintiffs and Madison-Kipp Corporation ("Madison-Kipp") contend that Continental and Columbia are obligated to indemnify Madison-Kipp for various damages resulting from environmental contamination at and around Madison-Kipp's Waubesa Street facility.  Madison-Kipp further contends that Continental and Columbia are obligated to defend Madison-Kipp against claims asserted by Plaintiffs and by the Wisconsin Department of Natural Resources ("WDNR") .  The terms, conditions, limitations, and exclusions of the Continental and Columbia policies preclude or substantially limit coverage for the claims at issue.

2.      Although the Waubesa Street facility has been in operation for more than 100 years, each of the Continental and Columbia policies was in effect at some point during the 1980s.  To the extent Continental and Columbia have any obligation to defend or indemnify Madison-Kipp, they are entitled to contribution from other carriers or from Madison-Kipp for bodily injury, personal injury or property damage which occurred outside their policy periods.

3.      On information and belief, Madison-Kipp obtained insurance coverage at various times between 1960 and 1990 from Lumbermens, American Motorists, and John Doe Insurance Companies 1-20.  The policies of Lumbermens, American Motorists, and John Doe Insurance

2

Companies 1-20 provide or may provide coverage for the claims for which Madison-Kipp seeks indemnification from Continental and Columbia.

## JURISDICTION AND VENUE

4.      Continental and Columbia assert their third-party claims pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

5.      This Court may exercise subject matter jurisdiction over the third-party claims of Continental and Columbia pursuant to 28 U.S.C. § 1367.

6.      Venue for the third-party claims of Continental and Columbia is proper in the Western District of Wisconsin because Plaintiffs initiated the action giving rise to these third-party claims in this judicial district.

## PARTIES

7.      Continental is a corporation organized under the laws of Illinois, with its principal place of business in Chicago, Illinois.  Continental is an insurance company.

8.      Columbia is a corporation organized under the laws of Illinois, with its principal place of business in Chicago, Illinois.  Columbia is an insurance company.  Columbia is a wholly owned subsidiary of Continental.

9.      Lumbermens is a corporation organized under the laws of Illinois, with its principal place of business in Long Grove, Illinois.  Lumbermens is an insurance company.  On information and belief, between 1960 and 1990, Lumbermens issued one or more insurance policies to Madison-Kipp.

10.     American Motorists is a corporation organized under the laws of Illinois, with its principal place of business in Long Grove, Illinois.  American Motorists is an insurance company

and a subsidiary of Lumbermens.  On information and belief, between 1960 and 1990, American Motorists issued one or more insurance policies to Madison-Kipp.

11.     John Doe Insurance Companies 1-20 are insurance companies whose identities are presently unknown to Continental and Columbia that issued insurance policies to Madison-Kipp at unknown times which may provide coverage for the claims at issue in this litigation.

## ALLEGATIONS COMMON TO ALL COUNTS

12.     Plaintiffs in this action are residents of Madison, Wisconsin who reside in homes adjacent to a manufacturing facility located at 201 Waubesa Street, which is owned and operated by Madison-Kipp.  Plaintiffs allege that vapors from toxic chemicals, including tetrachloroethylene ("PCE"), used at the Waubesa Street facility have migrated onto their properties.  Plaintiffs seek damages and injunctive relief from Madison-Kipp.  Plaintiffs further allege that Continental, Columbia, and United States Fire Insurance Company ("U.S. Fire") are obligated to indemnify Madison-Kipp or to satisfy damages that may be awarded to Plaintiffs.

13.     Madison-Kipp tendered the defense of this action to Continental.  Continental is defending Madison-Kipp in this action, pursuant to a full reservation of rights.

14.      Madison-Kipp has filed cross-claims against Continental, Columbia, and U.S. Fire seeking declarations that Continental, Columbia, and U.S. Fire are obligated to indemnify Madison-Kipp for Plaintiffs' claims, as well as for claims the WDNR has made regarding the investigation and remediation at and around the Waubesa Street facility.

15.     Continental and Columbia have denied that they have any obligation to indemnify Madison-Kipp or pay defense costs with respect to the Plaintiffs' claims and WDNR's claims. To the extent, however, Continental and Columbia are determined to owe any coverage for

4

Plaintiffs' claims or WDNR's claims, they are entitled to contribution from any other insurer whose policy(ies) provide coverage for those claims.

## THE CONTINENTAL AND COLUMBIA POLICIES

16.     Continental issued the following primary insurance policies to Madison-Kipp:

- Policy Number CCP 007 41 49 92 for the period 1/1/1981 through 1/1/1982 ("1981-82 Primary Policy");

- Policy Number CCP 06 912 56 60 for the period 1/1/1982 through 1/1/1983 ("1982-83 Primary Policy");

- Policy Number CCP 07 207 93 93 for the period 1/1/1983 through 1/1/1984 ("1983-84 Primary Policy");

- Policy Number CCP 07 207 93 93 for the period 1/1/1984 through 1/1/1985 ("1984-85 Primary Policy");

- Policy Number CCP 70 207 93 93 for the period 1/1/1985 through 1/1/1986 ("1985-86 Primary Policy"); and

- Policy Number 7 02079393 for the period 1/1/1986 through 1/1/1987 ("1986-87 Primary Policy").

17.     Subject to their terms, conditions, limitations, and exclusions, the 1981-82, 1982-83, and 1983-84 Primary Policies each provide bodily injury liability coverage with limits of $500,000 per occurrence and in the aggregate, and property damage liability coverage with limits of $100,000 per occurrence and in the aggregate.  Subject to their terms, conditions, limitations, and exclusions, the 1984-85, 1985-86, and 1986-87 Primary Policies each provide a combined single limit for bodily injury liability and property damage liability coverage of $500,000.  The Primary Policies each provide a limit for personal injury and advertising injury of $500,000 in the aggregate.

18.     Columbia issued the following umbrella insurance policies to Madison-Kipp:

- Policy Number UMB 689 07 13 for the period 1/1/1980 through 1/1/1981 ("1980-81 Umbrella Policy");

- Policy Number UMB 689 10 26 for the period 1/1/1981 through 1/1/1982 ("1981-82 Umbrella Policy");

- Policy Number UMB 689 12 16 for the period 1/1/1982 through 1/1/1983 ("1982-83 Umbrella Policy"); and

- Policy Number UMB 689 13 05 for the period 1/1/1983 through 1/1/1984 ("1983-84 Umbrella Policy").

19.     Subject to their terms, conditions, limitations, and exclusions, each of the Umbrella Policies provides coverage with limits of $5 million per occurrence and in the aggregate, excess of all underlying primary coverage.

20.     Continental issued excess insurance policy number RDX 02 207 93 87 for the period 1/1/83 through 1/1/84 ("1983-84 Excess Policy").

21.     Subject to its terms, conditions, limitations, and exclusions, the 1983-84 Excess Policy provides coverage with limits of $5 million per occurrence and in the aggregate, excess of the 1983-84 Umbrella Policy and the 1983-84 Primary Policy.

## COUNT I – CONTRIBUTION (LUMBERMENS)

22.     Continental and Columbia repeat and reallege the allegations of Paragraphs 1-21, as if set forth fully herein.

23.     On information and belief, Lumbermens issued one or more insurance policies to Madison-Kipp between 1960 and 1990 that provide coverage for the claims Plaintiffs and WDNR have asserted against Madison-Kipp.

24.     Continental is defending this action under a reservation of rights.  Lumbermens may be obligated to defend this action since property damage is alleged during the period of time that Lumbermens allegedly issued coverage.  To the extent Lumbermens is obligated to defend

6

this action, Continental is entitled to contribution from Lumbermens with respect to the defense costs paid by Continental.

25.     To the extent any bodily injury, personal injury or property damage occurred both during any Continental or Columbia policy period and during any Lumbermens policy period, Continental and Columbia are entitled to contribution from Lumbermens for any amounts paid by them that are also covered under any Lumbermens policy.

<u>**COUNT II – CONTRIBUTION (AMERICAN MOTORISTS)**</u>

26.     Continental and Columbia repeat and reallege the allegations of Paragraphs 1-25, as if set forth fully herein.

27.     On information and belief, American Motorists issued one or more insurance policies to Madison-Kipp between 1960 and 1990 that provide coverage for the claims Plaintiffs and WDNR have asserted against Madison-Kipp.

28.     Continental is defending this action under a reservation of rights.  American Motorists may be obligated to defend this action since property damage is alleged during the period of time that American Motorists allegedly issued coverage.  To the extent American Motorists is obligated to defend this action, Continental is entitled to contribution from American Motorists with respect to the defense costs paid by Continental.

29.     To the extent any bodily injury, personal injury or property damage occurred both during any Continental or Columbia policy period and during any American Motorists policy period, Continental and Columbia are entitled to contribution from American Motorists for any amounts paid by them that are also covered under any American Motorists policy.

<u>**COUNT III – CONTRIBUTION (JOHN DOE INSURANCE COMPANIES 1-20)**</u>

30.     Continental and Columbia repeat and reallege the allegations of Paragraphs 1-29, as if set forth fully herein.

31.     On information and belief, John Doe Insurance Companies 1-20 issued one or more insurance policies to Madison-Kipp between 1960 and 1990 that provide coverage for the claims Plaintiffs and WDNR have asserted against Madison-Kipp.

32.     Continental is defending this action under a reservation of rights.  John Doe Insurance Companies 1-20 may be obligated to defend this action since property damage is alleged during the period of time that John Doe Insurance Companies 1-20 allegedly issued coverage.  To the extent John Doe Insurance Companies 1-20 are obligated to defend this action, Continental is entitled to contribution from John Doe Insurance Companies 1-20 with respect to the defense costs paid by Continental.

33.     To the extent any bodily injury, personal injury or property damage occurred both during any Continental or Columbia policy period and during the policy period of any other insurer, Continental and Columbia are entitled to contribution from such other insurer for any amounts paid by them that are also covered under any such other insurer's policy.

WHEREFORE, Continental and Columbia respectfully request that this Court enter judgment in their favor and against Lumbermens, American Motorists, and John Doe Insurance Companies 1-20; to the extent Continental and Columbia are held to owe any coverage for Plaintiffs' claims or WDNR's claims, award Continental and Columbia contribution in amounts to be determined from Lumbermens, American Motorists, and John Doe Insurance Companies 1-20; award Continental and Columbia their attorneys' fees and costs incurred in this action; and award Continental and Columbia such other and further relief as may be deemed just and proper.

Respectfully Submitted,

  /s/  Christopher H. White
*An Attorney for Continental Casualty Co.*
*and Columbia Casualty Co.*

8

Duffy Dillon
BRENNAN STEIL S.C.
1 E. Milwaukee St.
Janesville, WI 53545
(608) 743-2940 (phone)
(608) 756-9000 (facsimile)

Rebecca L. Ross (*admitted pro hac vice*)
Christopher H. White (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (phone)
(312) 759-1939 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

        I, the undersigned attorney, certify that on this 9th day of March, 2012, I caused a true and correct copy of the above and foregoing pleading to be served on the following counsel by electronic means through use of the Court's CM/ECF system:

Richard J. Lewandowski
WHYTE HIRSCHBOECK DUDEK
33 East Main Street
Suite 300
Madison, WI 53703
Email: rlewandowski@whdlaw.com

Shawn M. Collins
Edward Manzke
THE COLLINS LAW FIRM, PC
1770 Park Street, Suite 200
Naperville, IL 60563
Email: smc@collinslaw.com
Email: emanzke@collinslaw.com

Norman B. Berger
Michael Damon Hayes
VARGA BERGER LEDSKY HAYES &
CASEY
125 South Wacker Drive, Suite 350
Chicago, IL 60606
Email: nberger@vblhc.com
Email: mhayes@vblhc.com

**Attorneys for Plaintiffs**

John A. Busch
MICHAEL BEST & FRIEDRICH, LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202
Email: jabusch@michaelbest.com

**Attorneys for Madison-Kipp Corporation**

Michael J. Cohen
Jennifer A. B. Kreil
MEISSNER TIERNEY FISHER &
NICHOLS SC
111 E Kilbourn Ave
Ste. 1900
Milwaukee, WI 53202-6679
Email: mjc@mtfn.com
Email: jbk@mtfn.com

**Attorneys for United States Fire Insurance Company**

    /s/ Christopher H. White
    *An Attorney for Continental Casualty Co.*
    *and Columbia Casualty Co.*

Duffy Dillon
BRENNAN STEIL S.C.
1 E. Milwaukee St.
Janesville, WI 53545
(608) 743-2940 (phone)
(608) 756-9000 (facsimile)

Rebecca L. Ross (*admitted pro hac vice*)
Christopher H. White (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (phone)
(312) 759-1939 (facsimile)