IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KATHLEEN McHUGH and DEANNA SCHNEIDER, individually and on behalf of all persons similarly situated,<br>          Plaintiffs,<br>v.<br><br>MADISON-KIPP CORPORATION, CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, UNITED STATES FIRE INSURANCE COMPANY and ABC INSURANCE COMPANIES 1-50,<br>          Defendants,<br>—and—<br><br>MADISON-KIPP CORPORATION,<br>          Cross-Claimant,<br>v.<br><br>CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, and UNITED STATES FIRE INSURANCE COMPANY,<br>          Cross-Claim Defendants,<br>—and—<br><br>CONTINENTAL CASUALTY COMPANY and COLUMBIA CASUALTY COMPANY,<br>          Cross-Claimants/Third-Party Plaintiffs,<br>v.<br><br>MADISON-KIPP CORPORATION,<br>          Cross-Claim Defendants,<br>and<br>LUMBERMENS MUTUAL CASUALTY COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, and JOHN DOE INSURANCE COMPANIES 1-20,<br>          Third-Party Defendants. | No. 11-cv-724<br><br>Hon. Barbara B. Crabb, Judge<br><br>Hon. Stephen L. Crocker, Magistrate Judge<br><br><br><br><br><br>**CONTINENTAL CASUALTY COMPANY'S AND COLUMBIA CASUALTY COMPANY'S MOTION TO DISMISS INSURANCE COVERAGE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE TO DECLINE SUPPLEMENTAL JURISDICTION OVER INSURANCE COVERAGE CLAIMS** |

NOW COME Continental Casualty Company ("Continental") and Columbia Casualty Company ("Columbia"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367, and request that this Court dismiss all insurance coverage claims in this action for lack of subject matter jurisdiction. Alternatively, should the Court determine that it has subject matter jurisdiction, Continental and Columbia request that this Court exercise its discretion to decline supplemental jurisdiction over all insurance coverage claims.

## INTRODUCTION

There is no federal jurisdiction over the insurance coverage claims. This Court may exercise supplemental jurisdiction over state law claims only if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The only basis for this Court's original jurisdiction is the claim Plaintiffs assert against Madison-Kipp Corporation ("Madison-Kipp") under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq.*, which presents a federal question. *See* 28 U.S.C. § 1331. The insurance coverage claims and the RCRA claim involve different parties, different issues, and different evidence, and are not part of the "same case or controversy." Additionally, there is presently no ripe dispute involving Continental or Columbia. Continental is defending Madison-Kipp, and thus all current obligations are being fulfilled. Any question regarding potential indemnity coverage for damages that have not yet been awarded and may never be awarded is purely hypothetical. For both of these reasons, subject matter jurisdiction over the insurance coverage claims is lacking.

Alternatively, if this Court determines that it has subject matter jurisdiction over the insurance coverage claims, it should decline to exercise that jurisdiction in the circumstances

presented here. The Court's recent reversal of its decision to bifurcate and stay the insurance coverage disputes (ECF No. 92) significantly limits Continental's and Columbia's procedural rights. It would be far more efficient and fair to all parties for the Court to dismiss the insurance coverage claims without prejudice. If a ripe coverage dispute materializes in the future, then any affected party will be free to seek declaratory relief in a separate proceeding.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction Over the Claims Against Continental and Columbia

#### A. The Insurance Coverage Claims are Not Part of the Same Case or Controversy as the Claim on Which Federal Jurisdiction is Based

This litigation involves a multitude of claims and parties, but there is only *one* claim that has an independent basis for federal subject matter jurisdiction—Plaintiffs' RCRA claim against Madison-Kipp. From that one federal claim extends an increasingly attenuated chain of supplemental state law claims between non-diverse parties. At the end of that chain are the claims involving Continental and Columbia, which have little to no relationship to the RCRA claim. *See TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996) ("The issues before this court revolve solely around insurance coverage. The issues before the Indiana court undoubtedly involve issues such as liability of different persons under environmental statutes and damages due to environmental contamination – topics wholly unrelated to insurance coverage. Thus, the two lawsuits actually are quite dissimilar."). The insurance coverage claims and the RCRA claims cannot be considered part of the "same case or controversy," as required for supplemental jurisdiction under 28 U.S.C. § 1367.

Subject matter jurisdiction over the environmental claims being asserted against Madison-Kipp is not in doubt. There is plainly jurisdiction for the RCRA claim under 28 U.S.C.

§ 1331. This Court may also exercise supplemental jurisdiction when "the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). The Plaintiffs plead four state law claims (negligence, private nuisance, trespass, and willful and wanton misconduct) against Madison-Kipp that are based on the same alleged environmental contamination as their RCRA claim and represent a traditional use of supplemental jurisdiction under 28 U.S.C. § 1367. Up to this point, federal jurisdiction is secure.

### 1. There is no jurisdiction over Plaintiffs' direct action "claim"

Beyond the environmental claims, the jurisdictional chain becomes much more strained. Plaintiffs name Continental, Columbia, and United States Fire Insurance Company ("U.S. Fire") as defendants in their Amended Complaint, but they do not plead any claim against the insurers.[1] Rather, all five of their counts are pled only against Madison-Kipp. (*See* ECF No. 15). The only reference to the insurers is one paragraph in the Plaintiffs' prayer for relief, which seeks a declaration that the insurers are obligated to indemnify Madison-Kipp or otherwise satisfy any award made to the Plaintiffs. (ECF No. 15 at 14 ¶ F). Plaintiffs do not identify any authority supporting this request. Presumably, Plaintiffs are attempting to invoke a provision of the Wisconsin code of civil procedure, which permits a plaintiff to join a defendant's insurer(s) to a negligence action against the defendant. *See* Wis. Stat. § 803.04(a); *see also* Wis. Stat. § 632.24.

There is no supplemental jurisdiction over the Plaintiffs' direct action "claim." "The statute [28 U.S.C. § 1367] extends the jurisdiction of the federal district court to all claims sufficiently related to *the claim on which its original jurisdiction is based*." *Brazinski v. Amoco Petro. Additives Co.*, 6 F.3d 1176, 1181 (7th Cir. 1993) (emphasis added). That simply is not the

---

[1] The insurers cannot be parties to the RCRA claim. Plaintiffs' RCRA claim is brought pursuant to 42 U.S.C. § 6972(a)(1)(B), which provides that citizen suits may be brought only against a person who "has contributed or is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste . . . ." Neither Continental nor Columbia has ever handled, stored, treated, transported, or disposed of waste from Madison-Kipp's facility.

3

case here.  A plaintiff "cannot assert a direct action suit under Wisconsin law against an insurer *unless it is suing on a state law negligence claim*."  *Land O'Lakes, Inc. v. Joslin Trucking, Inc.*, No. 08-cv-355-bbc, 2008 U.S. Dist. LEXIS 116778, at *4 (W.D. Wis. Dec. 11, 2008) (emphasis added); *see also Rich Products Corp. v. Zurich American Ins.*, 293 F.3d 981, 983 (7th Cir. 2002) (direct action statute "permits insurers to be joined in a case where a claim is alleged against the insured, but the section unambiguously is limited to damage claims caused by negligence."). That the direct action statute is expressly restricted to negligence claims is fatal to the existence of supplemental jurisdiction over the insurance coverage claims.[2]

As this Court previously recognized in *Land O'Lakes*, a direct action suit cannot be based on a federal statutory claim.  *Land O'Lakes*, 2008 U.S. Dist. LEXIS 116778, at *5.  Plaintiffs' direct action "claim" arises only from their state law negligence claim, which is not the claim that confers federal jurisdiction.  *See Brazinski*, 6 F.3d at 1181 (supplemental state law claim must relate to the jurisdiction-conferring claim).  The negligence claim is one step removed from the RCRA claim.  Plaintiffs cannot maintain a direct action based on their RCRA claim, and they cannot use their state law negligence claim to create supplemental jurisdiction over their apparent state law direct action claim.

That the RCRA claim and the direct action "claim" are not part of the same case or controversy is reinforced by the nature of the two statutory provisions.  As part of the Wisconsin code of civil procedure, the scope of the statute permitting an insurer to be joined to a negligence action is limited to "govern[ing] procedure and practice in circuit courts of this state . . . ."  Wis. Stat. § 801.01(2).  But a RCRA claim cannot be brought in a Wisconsin state court, because the

---

[2] Without the direct action statute, Plaintiffs have no standing to pursue any claims against Continental or Columbia.  Plaintiffs are not parties to any of the insurance contracts, and they do not now hold any judgment against Madison-Kipp that would provide a basis for an attempt to garnish any of Madison-Kipp's insurance policies.  But the standing a plaintiff has under Wis. Stat. § 803.04(a) is limited to pursuing a direct action against a defendant's insurer in a negligence action under state law, which is not the situation that exists here.

4

federal courts have exclusive jurisdiction over that claim. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 500 & n.7 (7th Cir. 2011). Procedure and practice in this Court is, of course, governed by the Federal Rules of Civil Procedure, not by the Wisconsin code of civil procedure. *See* Fed. R. Civ. P. 1; *see also Land O'Lakes*, 2008 U.S. Dist. LEXIS 116778, at *6 ("Wisconsin's direct action statute is a state procedural rule that allows a plaintiff to join insurers under state substantive law and not federal law. In other words, state procedural rules cannot govern federal causes of action."). Far from being part of the same case or controversy, the RCRA and direct action claims are completely independent of one another. The statute permitting the joinder of a defendant's insurer to a negligence action is a procedural provision applicable only to the Wisconsin state courts, and a RCRA claim can never be brought in those state courts.

Moreover, despite some factual overlap, the environmental and insurance coverage claims lack a common factual nucleus.[3] The insurance coverage claims involve a large number of issues completely separate from the environmental claims. Those include, among others, whether Madison-Kipp complied with the various policies' conditions of coverage, whether certain policy exclusions bar coverage, whether or to what extent Plaintiffs' damages, if any, occurred during the relevant policy periods, and whether there is sufficient evidence of the "missing" policies. Indeed, the most critical pieces of evidence on the insurance coverage claims—the policies themselves—are completely irrelevant to whether Plaintiffs can establish a claim under RCRA. As other district courts have held, insurance coverage claims are not part of the "same case or controversy" as a claim arising under a federal environmental statute. *See*

---

[3] The RCRA claim and the insurance coverage claims are not sufficiently related to form part of the same case or controversy. Although a loose factual connection between the claims is generally sufficient, *Ammerman*, 54 F.3d at 424, it is necessary that "the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966)). The environmental and insurance claims differ significantly, but as explained in Section II below, the factual overlap that does exist will result in prejudice to Continental, Columbia, and Madison-Kipp if the environmental and insurance coverage claims are litigated together.

5

*Jostens, Inc. v. Vopak, Inc.*, No. 02-3761 (DWF/JSM), 2003 U.S. Dist. LEXIS 9225, at **4-5 (D. Minn. May 29, 2003) (no supplemental jurisdiction over insurance coverage claims where insured pursued both CERCLA contribution claim against prior property owner and indemnity claim against its own insurer); *Johnson Controls, Inc. v. Irving Rubber & Metal Co.*, 920 F. Supp. 612, 616 (M.D. Pa. 1996) ("The [insurance coverage] claims are not closely enough allied to the underlying CERCLA claims to justify this court's exercise of supplemental jurisdiction over them."). This Court should likewise hold that the RCRA claim does not provide a basis for supplemental jurisdiction over the insurance coverage claims.

### 2. There is no jurisdiction over Madison-Kipp's cross-claims

Madison-Kipp's cross-claims create even more jurisdictional problems. In response to Plaintiffs' apparent direct action against the insurers, Madison-Kipp asserted cross-claims against Continental, Columbia, and U.S. Fire premised solely on supplemental jurisdiction.[4] (ECF No. 24 at 7 ¶ 8). Those cross-claims arise from the direct action claim, which in turn arises from the negligence claim, which in turn is related to the RCRA claim. Thus, the cross-claims are two steps removed from the jurisdiction-conferring claim, which is two steps too many. *See Brazinski*, 6 F.3d at 1181 (supplemental claim must relate to the jurisdiction-conferring claim).

In addition to adding another level of state law claims, Madison-Kipp's cross-claims expand the scope of the litigation to include an entirely new group of claims. Madison-Kipp seeks a determination of its insurance coverage not just for Plaintiffs' claims, but *also* for claims asserted against it under state law by the Wisconsin Department of Natural Resources

---

[4] Madison-Kipp also alleged diversity jurisdiction, but there is no complete diversity because Madison-Kipp and U.S. Fire are both citizens of Delaware. (ECF No. 15 ¶ 5; ECF No. 24 ¶ 5; ECF No. 42 ¶ 8). Moreover, all of the Plaintiffs and Madison-Kipp are citizens of Wisconsin. (ECF No. 15 ¶¶ 1, 5; ECF No. 24 ¶ 5). Finally, Continental, Columbia, and third-party defendants Lumbermens Mutual Casualty Company and American Motorists Insurance Company (collectively, "Kemper") are all citizens of Illinois. (ECF No. 50 ¶¶ 7-10; ECF No. 68 ¶¶ 9-10).

("WDNR"). (ECF No. 24 at 7 ¶ 12). Although the WDNR's claims relate to the same site as the Plaintiffs' claims, the issue of whether Madison-Kipp is entitled to insurance coverage for the WDNR's claims is wholly unrelated to the issue of whether the Plaintiffs can establish a claim against Madison-Kipp under RCRA. Those disparate claims cannot be considered part of the "same case or controversy" under 28 U.S.C. § 1367(a).[5]

### B. There is No Ripe Dispute Involving Continental or Columbia

There is currently no ripe dispute regarding Continental's or Columbia's coverage obligations for the Plaintiffs' claims. Continental is defending Madison-Kipp in this litigation, so all of its current obligations are being fulfilled. The Plaintiffs have not yet been awarded any relief against Madison-Kipp, and they may never be awarded any relief. Any determination regarding Continental's duty to pay any potential award is therefore premature. Columbia is even further removed from a justiciable controversy because it is an excess carrier and can have no coverage obligation until the underlying primary coverage is exhausted (which it indisputably is not). It is purely speculative at this point whether the Plaintiffs will be awarded any relief, much less relief that exceeds the applicable primary coverage.

This Court lacks jurisdiction to adjudicate hypothetical controversies. *Wis. Cent., LTD. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008) ("'[C]ases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.'") (quoting *Lehn v. Holmes*, 564 F.3d 862, 867 (7th Cir. 2004)). "Ripeness, when it implicates the possibility of this Court issuing an advisory opinion, is a question of subject matter jurisdiction under the case-or-controversy requirement [of Article III of the Constitution]." *Id.*; *see also, e.g.,*

---

[5] Continental's and Columbia's counter-cross-claims against Madison-Kipp and its third-party claims against other insurers are likewise derivative of the state law claims against them. If the Court concludes it lacks jurisdiction or declines to exercise supplemental jurisdiction, all of the insurance coverage claims (including Continental's and Columbia's) should be dismissed without prejudice.

7

*Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011); *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008). When a dispute is not ripe, the Court should dismiss it for lack of subject matter jurisdiction. *Biddison v. City of Chicago*, 921 F.2d 724,726 (7th Cir. 1991).

Even if the Plaintiffs prevail in some manner, no one at this point can predict which individual plaintiffs might be awarded relief,[6] which of their various claims might succeed, what factual findings the jury might make to support whatever award it makes, or how much the Plaintiffs might recover. Until Continental and Columbia know what, if anything, they will be asked to pay, they cannot even determine, much less litigate, whether they have any duty to indemnify Madison-Kipp. For that reason, it is well-settled that "the duty-to-indemnify . . . will not be ripe until liability has been established." *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010); *see also Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("We regularly say that decisions about indemnity should be postponed until the underlying liability has been established."); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit") (Pennsylvania law); *Grace Christian Fellowship v. KJG Investments Inc.*, No. 07-C-0348, 2011 U.S. Dist. LEXIS 105978, at *14 (E.D. Wis. Sept. 16, 2011) ("no case or controversy exists that is ripe for adjudication because there has been no finding of liability against either of the defendant insureds"); *Land O'Lakes, Inc. v. Joslin Trucking, Inc.*, 2008 U.S. Dist. LEXIS 87651 at *6 (W.D. Wis. Oct. 27, 2008) ("a determination of the indemnification question will have to wait until the question of [the insured]'s liability is resolved."). Because liability remains uncertain, there is presently no ripe dispute regarding the duty to indemnify.

---

[6] Although a class has been certified for limited purposes, issues regarding individual damages will be determined individually after the class-wide liability phase of the litigation. (ECF No. 72 at 2-3).

8

There are situations when insurance coverage disputes become ripe prior to the resolution of the underlying liability issues—for example, if an insurer and a policyholder dispute whether the insurer has a duty to defend. But the insurance coverage issues here have been raised in a very different context. Madison-Kipp did not assert claims against any insurers when it filed its original Answer (*see* ECF No. 12), and it did not file any amended answer or seek leave to file a third-party complaint against any insurers prior to the original deadline to amend pleadings (*see* ECF No. 14 at 1).[7] No insurer ever attempted to intervene to contest coverage. Moreover, prior to filing their Amended Complaint, Plaintiffs affirmatively represented to the Court that they did not believe it was necessary to join any insurers to this litigation (ECF No. 13 at 4-5). Plaintiffs' belated decision to name Continental, Columbia, and U.S. Fire in their Amended Complaint led to a cascade of insurance coverage claims, but it did not change the facts that Continental is still defending Madison-Kipp and that the Plaintiffs still have not been awarded any relief against Madison-Kipp.

There are certainly potential coverage disputes that may arise, and Continental and Columbia have reserved their rights to deny or limit coverage in the future. But those potential disputes can only ripen into an actual "case or controversy" if, after the environmental claims have been resolved, the insurers exercise rights they have reserved. In the situation presented here, the parties cannot, at this time, litigate the insurers' potential indemnity obligations to Madison-Kipp because those disputes are currently hypothetical and speculative.

---

[7] Because Madison-Kipp already had an opportunity to bring insurers into this case, and it did not, the Court should not grant it leave to do so now. *Cf. Land O'Lakes*, 2008 U.S. Dist. LEXIS 116778 at **7-8 (granting defendant leave to file third-party claims against its insurers after direct action claims asserted by plaintiff in original complaint were dismissed). Here, if not for the Plaintiffs naming Continental, Columbia, and U.S. Fire in their Amended Complaint, there would be no insurance coverage claims in this action.

9

## II. Alternatively, This Court Should Decline to Exercise Supplemental Jurisdiction Over the Insurance Coverage Claims

Even if this Court concludes that it may have subject matter jurisdiction, the exercise of supplemental jurisdiction is discretionary. *See Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994). Under the circumstances presented here where Madison-Kipp is being fully defended, the most equitable and efficient resolution of the many issues currently before the Court will be accomplished by this Court declining supplemental jurisdiction over the insurance coverage claims.

### A. Proceeding in the Manner Currently Established by the Court Will Limit Continental's and Columbia's Procedural Rights

The Court's recent ruling on the manner in which this litigation will proceed (ECF No. 92) restricts the ability of Continental and Columbia to litigate their coverage defenses in several respects. Although Continental and Columbia have previously raised some of these issues in the context of attempting to formulate a scheduling order, those issues have become more significant now that all pre-trial activities for the environmental and coverage claims have been combined. The protection of Continental's and Columbia's procedural rights constitutes a "compelling reason" to decline jurisdiction. *See* 28 U.S.C. § 1367(c)(4); *Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004), *as amended by* 2004 U.S. App. LEXIS 18385 (7th Cir. Aug. 30, 2004) (internal quotation and citation omitted) (analysis of whether "compelling reason" exists to decline jurisdiction focuses on "the values of judicial economy, convenience, fairness, and comity").

Combining the pre-trial activities of the underlying and coverage claims is particularly problematic for Continental, which is defending Madison-Kipp against the Plaintiffs' claims. Certain of Continental's coverage defenses could increase Madison-Kipp's liability to the

10

Plaintiffs. For example, if Madison-Kipp expected or intended the discharge of pollutants, there would be no coverage. But if Continental attempts to develop facts supporting that defense in discovery, it would simultaneously be developing facts detrimental to the defense it is providing to its insured. Continental should not be required to litigate against its insured while simultaneously defending that insured against a mutual adversary in the same proceeding. Continental is entitled to develop and assert all of its coverage defenses at the appropriate time and in a manner that will not be detrimental to its or Madison-Kipp's interests. The only way to preserve Continental's right fully to develop and litigate its coverage defenses is for all of the environmental claims to be resolved before the coverage claims go forward.

The current procedure also limits Continental's and Columbia's ability to file dispositive motions. Currently, all dispositive motions are to be filed before the resolution of the liability issues. (ECF No. 92 at 4). But most issues relating to the duty to indemnify will not yet be ripe at that time. *See Med. Assurance Co.*, 610 F.3d at 375. The current order does not provide Continental and Columbia with any opportunity to file dispositive motions at a time when the indemnity issues that would be raised in those motions will be ripe.

Additionally, the current procedure will also result in questions of law being improperly submitted to the jury. Once the jury resolves the Plaintiffs' claims, many of the facts on which coverage depends will likely be established. At that point, the Court will need to interpret the policies to determine whether they provide coverage based on those facts. Only if facts relevant to coverage remain in dispute will a second trial be warranted. But if the coverage trial takes place immediately after the underlying trial, there will be no opportunity to present these legal questions to the Court after they have ripened, and they will instead be improperly submitted to the jury.

Continental and Columbia are also currently required to complete all fact and expert discovery before liability, if any, has been established. Continental and Columbia must have at least some opportunity to conduct discovery on the indemnity claims after they know what they are being asked to indemnify. Similarly, Continental and Columbia must be permitted some opportunity to develop expert evidence after the resolution of the underlying claims, so that their experts may consider the facts as found by the jury in the environmental trial. Otherwise, their experts will have to speculate on the factual foundation for their opinions.

### B. Attempting to Litigate the Environmental and Coverage Claims Together Will be Unwieldy and Inefficient

This Court should also decline to exercise jurisdiction under 28 U.S.C. § 1367(c)(1), because the insurance coverage claims raise complex issues of state law. Continental and Columbia pleaded 39 affirmative defenses, U.S. Fire pleaded 37 affirmative defenses, and Kemper pleaded 16 affirmative defenses (many relating to the missing policy issues).[8] (ECF Nos. 42, 48, 68). The environmental and insurance claims ultimately present very different questions that must be resolved on summary judgment or at trial. Some of the coverage issues are related to the merits of the Plaintiffs' underlying claims, but many are not. Many of them will require the development of factual and expert evidence that is irrelevant to the liability claims Plaintiffs have asserted against Madison-Kipp. Attempting to develop and litigate all of these disparate issues in a single proceeding will hinder, rather than promote, judicial economy. Indeed, all parties except Madison-Kipp supported deferring the insurance coverage claims until after the underlying environmental trial. (*See* ECF No. 86 (Continental, Columbia, U.S. Fire); ECF No. 87 at 5 (Kemper); ECF No. 90 (Plaintiffs)).

---

[8] Lumbermens Mutual Casualty Company was recently placed under an Order of Rehabilitation by the Circuit Court of Cook County, Illinois. The extent to which Kemper will remain involved in this litigation is unclear.

This Court should follow the approach of *Allied Corp. v. Environmental Purification Advancement Corp.*, 848 F. Supp. 67 (M.D. La. 1994). In *Allied Corp.*, the plaintiffs asserted claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, against defendants responsible for the disposal of hazardous waste, and also asserted state law claims against the defendants' insurers. *See id.* at 69. Like Wisconsin, Louisiana law permits a direct action by a plaintiff against a defendant's insurer in certain circumstances. *See* La. Rev. Stat. § 22:655(B). The district court held that the CERCLA claim could not be asserted directly against the insurers, and it then declined supplemental jurisdiction over the state law claims because they raised complex issues of state law. *See id.* at 69-70; 28 U.S.C. § 1367(c)(1). Environmental coverage disputes are invariably complex, and this Court should likewise decline supplemental jurisdiction over the insurance coverage claims asserted here.

The procedural history of this litigation since the insurers were joined as defendants demonstrates the many complexities associated with attempting to litigate liability and coverage in the same proceeding. The parties have collectively filed at least twelve pleadings (not counting this one) addressing the manner and sequence in which the insurance claims will proceed. (*See* ECF Nos. 56, 59, 60, 62, 65, 66, 71, 86, 87, 89, 90, 91). That the parties cannot see eye-to-eye on what should be simple scheduling issues demonstrates that the various parties to this litigation are situated quite differently and have widely varying interests. By dismissing the coverage claims without prejudice, the Court will permit the parties to address those claims in a separate proceeding if and when they ripen into a concrete controversy.

## **CONCLUSION**

WHEREFORE, Continental and Columbia respectfully request that this Court dismiss all insurance coverage claims for lack of subject matter jurisdiction, or alternatively decline to exercise supplemental jurisdiction over the insurance coverage claims.

        Respectfully Submitted,

        /s/ Rebecca L. Ross
*An Attorney for Continental Casualty Co. and Columbia Casualty Co.*

Duffy Dillon
BRENNAN STEIL S.C.
1 E. Milwaukee St.
Janesville, WI 53545
(608) 743-2940

Rebecca L. Ross (*admitted pro hac vice*)
Christopher H. White (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-1920

*Attorneys for Continental Casualty Co. and Columbia Casualty Co.*

# CERTIFICATE OF SERVICE

      I, the undersigned attorney, certify that on this 27th day of July, 2012, I caused a true and correct copy of the above and foregoing pleading to be served on the following counsel by electronic means through use of the Court's CM/ECF system:

Richard J. Lewandowski
WHYTE HIRSCHBOECK DUDEK
33 East Main Street, Suite 300
Madison, WI 53703
Email: rlewandowski@whdlaw.com

Shawn M. Collins
Edward Manzke
THE COLLINS LAW FIRM, PC
1770 Park Street, Suite 200
Naperville, IL 60563
Email: smc@collinslaw.com
Email: emanzke@collinslaw.com

Norman B. Berger
Michael Damon Hayes
VARGA BERGER LEDSKY HAYES & CASEY
125 South Wacker Drive, Suite 350
Chicago, IL 60606
Email: nberger@vblhc.com
Email: mhayes@vblhc.com

**Attorneys for Plaintiffs**

Michael J. Cohen
Jennifer A. B. Kreil
MEISSNER TIERNEY FISHER & NICHOLS SC
111 E. Kilbourn Ave, Suite 1900
Milwaukee, WI 53202-6679
Email: mjc@mtfn.com
Email: jbk@mtfn.com

**Attorneys for United States Fire Insurance Company**

John A. Busch
Lee M. Seese
MICHAEL BEST & FRIEDRICH, LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Email: jabusch@michaelbest.com
Email: lmseese@michaelbest.com

John C. Scheller
Albert Bianchi, Jr.
Leah H. Ziemba
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
Email: jcscheller@michaelbest.com
Email: abianchi@michaelbest.com
Email: lhziemba@michaelbest.com

**Attorneys for Madison-Kipp Corporation**

Jacques C. Condon
HALE & WAGNER, S.C.
839 North Jefferson Street, Suite 400
Milwaukee, WI 53202
Email: jcc@halewagner.com

Monte E. Weiss
DEUTCH & WEISS, LLC
7670 N. Port Washington Road, Suite 200
Milwaukee, WI 53217
Email: monte.weiss@mweisslaw.net

**Attorneys for Lumbermens Mutual Casualty Company and American Motorists Insurance Company**

    /s/ Christopher H. White
*An Attorney for Continental Casualty Co. and Columbia Casualty Co.*

15

Duffy Dillon
BRENNAN STEIL S.C.
1 E. Milwaukee St.
Janesville, WI 53545
(608) 743-2940

Rebecca L. Ross (*admitted pro hac vice*)
Christopher H. White (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-1920

*Attorneys for Continental Casualty Co.
and Columbia Casualty Co.*