IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**KATHLEEN McHUGH and DEANNA SCHNEIDER**, individually and on behalf of all persons similarly situated,
        Plaintiffs,
  v.

**MADISON-KIPP CORPORATION, CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, UNITED STATES FIRE INSURANCE COMPANY** and **ABC INSURANCE COMPANIES 1-50**,
        Defendants,
  -and-
**MADISON-KIPP CORPORATION**
        Cross-Claimant,
  v.

**CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY** and **UNITED STATES FIRE INSURANCE COMPANY,**
        Cross-Claim Defendant,
  -and-

**CONTINENTAL CASUALTY COMPANY** and **COLUMBIA CASUALTY COMPANY,**
        Cross-Claimant/Third-Party Plaintiffs,
  v.

**MADISON-KIPP CORPORATION**
        Cross-Claim Defendant,
  and
**LUMBERMENS MUTUAL CASUALTY COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, and JOHN DOE INSURANCE COMPANIES 1-20,**
        Third-Party Defendants.

No. 11-cv-724

Hon. Barbara B. Crabb, Judge
Hon. Stephen L. Crocker, Magistrate Judge

**THIRD PARTY DEFENDANTS
LUMBERMENS MUTUAL CASUALTY COMPANY AND
AMERICAN MOTORISTS INSURANCE COMPANY'S
MOTION TO DISMISS
BASED UPON ORDERS OF REHABILITATION**

Third Party Defendants Lumbermens Mutual Insurance Company and American Motorists Insurance Company ("Third Party Defendants") request that they be dismissed from the above-referenced action pursuant to Orders of Rehabilitation entered by the Circuit Court of Cook County, Illinois. The basis for the motion is as follows:

1. On January 20, 2012, Plaintiffs filed an amended class-action complaint against various parties including Madison-Kipp Corporation ("Madison-Kipp") and its insurers, Continental Casualty Company and Columbia Casualty Company (collectively "Continental"). Jurisdiction for this action was based upon 28 U.S.C. § 1331.

2. On March 9, 2012, Continental filed a third party complaint against Third Party Defendants. (Dkt. No. 50.)

3. On April 9, 2012, Third Party Defendants answered the third party complaint. (Dkt. No. 68.)

4. On July 2, 2012, the Circuit Court of Cook County, Illinois entered an Order of Rehabilitation ("July Order") regarding Lumbermens Mutual Casualty Company ("Lumbermens In Rehabilitation") and American Manufacturers Mutual Insurance Company ("American Manufacturers In Rehabilitation"). Lumbermens In Rehabilitation is a third party defendant in this action. Attached at **Exhibit A** is a copy of the July Order.

5. On August 16, 2012, the Circuit Court of Cook County, Illinois entered an Order of Rehabilitation ("August Order") regarding American Motorists Insurance Company ("AMICO In Rehabilitation"), a third party defendant in this action. Attached at **Exhibit B** is a copy of the August Order.

6. The July Order and August Order are similar, requiring the court-appointed Rehabilitator to "take immediate possession and control of the property, … business and affairs, and all other assets of Lumbermens" and to "liquidate the assets, business and affairs of Lumbermens . . . ." July Order at ¶ 6(A); *see also* August Order at ¶ 7(a) (referencing AMICO In Rehabilitation). The July Order further enjoined Lumbermens In Rehabilitation "from making any settlements with any claimant or policyholder … or any other person" without the written consent of the Rehabilitator. July Order at ¶ 7; *see also* August Order at ¶ 8 (stating same).

7. Moreover, the July Order and August Order specifically reference an anti-suit injunction:

> 14. Pursuant to its authority under Section 189 of the Code, 215 ILCS 5/189, the Court hereby issues the following mandatory and prohibitive injunctions:
> . . .
> D. The officers, directors, agents, servants, representatives and employees of Lumbermens and American Manufacturers, and all other persons and entities having knowledge of this Order are restrained and enjoined from bringing or further prosecuting any claim, action or proceeding at law or in equity or otherwise, whether in this State or elsewhere, against Lumbermens and American Manufacturers, or this property or assets, or the Director or Rehabilitator, except insofar as those claims, actions or proceedings arise in or are brought in the rehabilitation proceedings prayed for herein; or from obtaining, asserting or enforcing preferences, judgments, attachments, or other like liens, including common law retaining liens, or encumbrances or the making of any levy against Lumbermens and American Manufacturers, or their property or assets while in the possession and control of the Rehabilitator, or from interfering in any way with the Rehabilitator in his possession or control of the property, business, books, records, accounts, premises and all other assets of Lumbermens and American Manufacturers, until further order of this Court; . . . .

July Order at ¶ 14(D); *see also* August Order at ¶ 12(d) (containing an identical provision applicable to AMICO In Rehabilitation).

8. The United States Supreme Court has carved out limited exceptions where federal courts should abstain from exercising its grant of jurisdiction due to overriding principles of federalism, comity, and judicial economy. *Grode v. Mutual Fire, Marine & Inland Ins. Co*., 8 F.3d 953, 958 (3d Cir. Pa. 1993). This is one of those instances.

3

9. Pursuant to the July Order and August Order, the continued adjudication of this action against Third Party Defendants threatens to conflict with important state functions and interests. *See id.*; *see also* McCarran-Ferguson Act, 15 U.S.C. § 1012(b) ("No act of Congress shall be construed to invalidate, impair or supersede any law enacted by any state for the purposes of regulating the business of insurance.").

10. In *Lac D'Amiante du Quebec, Ltee v. American Home Assurance Co*., 864 F.2d 1033, 1045 (3d Cir. 1988), the Court of Appeals for the Third Circuit held that Burford abstention applies to cases involving the state regulation of insolvent insurance companies:

> Our analysis must begin with the proposition that the regulation of insurance companies unable to meet their obligations entails the type of strong state interest in which application of Burford abstention is appropriate. Like the valuable natural resource involved in Burford, solvent and healthy insurance coverage is an essential state concern. The McCarran-Ferguson Act specifically provides that it is in the public interest for states to continue serving their traditional role as the preeminent regulators of insurance in the federal system and indicates the special status of insurance in the realm of state sovereignty.

*Id.* at 1045 (citation omitted).

11. In this case, Continental's action has been brought against third-party defendant insurance companies and represents a claim on their assets. The insolvent insurers may be called upon "to dissipate its funds defending unconnected suits across the country." *American Home*, 864 F.2d at 1045 (emphasis added). Pursuant to the abstention principles outlined above as well as the Orders of Rehabilitation entered into by the Circuit Court of Cook County, Illinois, third party defendants Lumbermens In Rehabilitation and AMICO In Rehabilitation request dismissal from this action. A proposed order of dismissal is attached at **Exhibit C**.

12. All counsel of record are copied on this filing.

WHEREFORE, Third Party Defendants request that the Court order them dismissed from this action.

Dated: September 7, 2012

          **/s/ Jacques C. Condon**
          Jacques C. Condon (SBN 1033963)
          Attorney for Third Party Defendants
          **Hale & Wagner, S.C.**
          839 North Jefferson Street, Suite 400
          Milwaukee, Wisconsin 53202
          Telephone: 414.278.7000
          Facsimile: 414.278.7590
          jcc@halewagner.com

Co-Counsel:
Monte E. Weiss
Deutch & Weiss, LLC
7670 North Port Washington Road, Suite 200
Fox Point, WI 53217
Telephone: (414) 247-9958
Facsimile: (414) 247-9959
monte.weiss@mweisslaw.net