IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHLEEN McHUGH and
DEANNA SCHNEIDER, individually
and on behalf of all persons similarly situated,

                                Plaintiffs,

     v.

MADISON-KIPP CORPORATION,
CONTINENTAL CASUALTY COMPANY,
COLUMBIA CASUALTY COMPANY,
UNITED STATES FIRE INSURANCE COMPANY
and ABC INSURANCE COMPANIES 1 – 50,

                                Defendants,

     v.

LUMBERMENS MUTUAL CASUALTY COMPANY,
AMERICAN MOTORISTS INSURANCE CO.
and JOHN DOE INSURANCE COMPANIES 1-20,

                                Third-party defendants.

ORDER

11-cv-724-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered December 12, 2012, I directed defendants Continental Casualty Company and Columbia Casualty Company and third-party defendants Lumbermens Mutual Casualty Company and American Motorists Insurance Company to provide the court more information regarding rehabilitation proceedings involving the third-party defendants that are proceeding in the Circuit Court for Cook County, Illinois. Dkt. #111. In particular, I asked the parties to provide information about whether procedures had been

1

established in the rehabilitation proceedings through which Continental Casualty and Columbia Casualty could assert their contribution claims against Lumbermens and American Motorists. I explained that I could not determine whether to dismiss the third-party claims under Burford v. Sun Oil Co., 319 U.S. 315 (1943), without more information.

The parties have responded, stating that no procedures have been established at this time by which Continental Casualty and Columbia Casualty could file claims against Lumbermens and American Motorists in the context of the rehabilitation proceedings. Dkt. ##112, 113. The parties anticipate that the Circuit Court for Cook County will issue a claim procedure order sometime in the first quarter of 2013, after the Illinois Office of the Special Deputy Receiver files a liquidation order regarding Lumbermens and American Motorists.

Because there is no avenue by which Continental Casualty Company and Columbia Casualty Company can file claims against the third-party defendants in the rehabilitation proceedings, it would be improper to dismiss their third-party claims. Property & Casualty Insurance Ltd. v. Central National Insurance Co. of Omaha, 936 F.2d 319, 323 (7th Cir. 1991) (abstention proper under Burford only if state "offer[s] some forum in which claims may be litigated"). Further, because the Circuit Court for Cook County has issued anti-suit injunction orders as part of its Orders of Rehabilitation, dkt. #105-1 at ¶ 14(D); dkt. #105-2 at ¶ 12(D), the parties cannot proceed with the third-party claims at this time. Therefore, I will stay those claims until all other claims in this lawsuit have been resolved or until the Circuit Court for Cook County establishes claim procedures by which Continental Casualty and Columbia Casualty may assert their claims. If the third-party claims remain outstanding

after all other claims have been resolved and no claim procedures have been established, I will close the case administratively and permit Continental Casualty and Columbia Casualty to move to reopen the case after the rehabilitation proceedings have been resolved.

ORDER

IT IS ORDERED that Continental Casualty Company and Columbia Casualty Company's third-party claims against Lumbermens Mutual Casualty Co. and American Motorists Insurance Co. are STAYED in accordance with this order.

Entered this 11th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3