IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHLEEN McHUGH and
DEANNA SCHNEIDER,
Individually and on behalf of
all persons similarly situated,

                                      Plaintiffs,

-v-                                Case No. 11-cv-724-bbc

MADISON-KIPP CORPORATION,
CONTINENTAL CASUALTY
COMPANY, COLUMBIA CASUALTY
COMPANY, and UNITED STATES FIRE
INSURANCE COMPANY,

                                      Defendants.

---

**FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL**

---

This Court scheduled a Final Approval Hearing for October 28, 2013 at 1:00 p.m. to determine: (a) whether the proposed settlement between Plaintiffs, Kathleen McHugh and Deanna Schneider (the "Class Representatives"), and Defendants, Madison-Kipp Corporation, Continental Casualty Company, Columbia Casualty Company and United States Fire Insurance Company (the "Settling Defendants"), on the terms and conditions set forth in the Settlement Agreement and Limited Release (the "Agreement"),[1] is fair, reasonable and adequate, and (b) whether to enter the Final Approval Order (Exhibit 5 to the Agreement). The Court also ordered that the Settlement Notice (Exhibit 3 to the Agreement) be served upon the Class.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Agreement.

On October 17, 2013, Plaintiffs' filed an Agreed Motion for Final Approval of Class Action Settlement Under Federal Rule 23(e) and for Approval of Award of Attorneys' Fees and Expenses to Class Counsel Under Federal Rule 23(h) (Doc. 275) and a memorandum in support of this motion (Doc. 276).

The Final Approval Hearing on the Agreement was duly held before this Court at which time all interested persons were afforded an opportunity to be heard. This Court has duly considered all of the submissions and arguments presented on the proposed settlement.

**NOW, THEREFORE, THIS COURT FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:**

1. The Court has jurisdiction over the parties and the subject matter of this litigation;

2. Class certification was properly granted over the following Class:

   A class of owners and/or residents of the residential property located on South Marquette Street (even numbered property addresses ranging from 102 through 230 South Marquette Street) and Waubesa Street (odd numbered property addresses ranging from 233 through 269 Waubesa Street) in Madison, Wisconsin.

3. Notice was properly directed to the Class so defined in paragraph 2 above, both following class certification in April 2012 and a second time following the settlement of this case reached by the parties in July 2013.

4. The property owner of 218 South Marquette Street opted out of the Class in May 2012 after receiving notice of the Court's class certification ruling and the property owner of 138 South Marquette Street opted out of the Class in August 2013 after receiving notice of the proposed class settlement.

5. The settlement reached between Plaintiffs Kathleen McHugh and Deanna Schneider, individually and on behalf of the Class, and the Settling Defendants,

2

on the terms and conditions set forth in the Agreement, is fair, reasonable, adequate, in the best interests of the Class, and is hereby approved under Federal Rule 23(e);

6. By agreement of the parties, the current owner of 269 Waubesa Street (Pioneer Property Holdings, LLC), who became an owner of this property after the Class was certified in April 2012 but before the settlement was reached in July 2013, shall be entitled to participate in the settlement as a member of the Class. The former owner of this property (Jeffrey C. Thomsen), who neither opted out of the Class nor submitted a Claim Form, shall remain as a member of the Class and is bound by the terms of the Agreement.

7. The Class Representatives and Class Counsel (The Collins Law Firm and Varga Berger Ledsky Hayes & Casey) have fairly and adequately represented the interests of the Class in this matter and in its resolution;

8. This Order and Judgment is binding upon the Class Representatives, the Class, and the Settling Defendants. The Agreement shall be consummated in accordance with the terms and conditions of the Agreement. The parties are directed to carry out their obligations under the Agreement;

9. The Settlement Notice served on the Class constituted the best notice practical under the circumstances and is in full compliance with the notice requirements of due process and Fed R. Civ. P. 23;

10. Upon the Effective Date of the Agreement, the Class Representatives and each member of the Class, on their own behalf and on behalf of their predecessors, successors, heirs, estates, executors, administrators, trusts, trustees, beneficiaries, assigns, transferees, attorneys and representatives and all others with whom they

are in privity, are deemed to have covenanted not to sue, released, acquitted and forever discharged each of the Settling Defendants, and their past, present, and future officers, directors, agents, lenders, attorneys, employees, shareholders, administrators, successors, any subsequent purchaser of all or part of MKC's assets, predecessors, assignees, parents, divisions, subsidiaries, affiliates, sister corporations, insurers and reinsurers (collectively the "Released Parties") from and against all claims, demands, damages, trespass or nuisance annoyance damages, obligations, controversies, suits, liabilities, attorneys' fees, expert fees, expenses, RCRA injunctive remedies, any other injunctive remedies, and causes of actions at law or equity, whether or not known now, that in any way arise from or relate to environmental conditions or other conditions of any kind at the Madison-Kipp facility located at 201 Waubesa Street, Madison, Wisconsin or in the area encompassing the Class, including but not limited to any property damage, diminution in property value, loss of the reasonable use and enjoyment of property, or aggravation and annoyance in any way related to or based upon the presence in the area encompassing the Class of contaminants, pollutants, vapors, irritants, chemicals, emissions or discharges allegedly originating from the Madison-Kipp facility. This release does not preclude or limit in any way the Class Representatives or any Class member from asserting individual claims against any of the Released Parties alleging sickness, disease, physical injury or death alleged to be caused by exposure to chemicals alleged to have been released from the Madison-Kipp facility, and does not preclude, affect or limit in any way the Released Parties' defenses to any such preserved claims or allegations, all having been fully reserved. The Class Representatives and each member of the

Class is permanently enjoined from continuing to prosecute, or otherwise initiating, claims within the scope of this release;

11. The Court finds under Federal Rule 23(h) that Class Counsel is entitled to retain from the Settlement Funds attorneys' fees in the amount of $1,495,306, comprising one third of the adjusted Settlement Funds, and that Class Counsel is additionally entitled to retain from the Settlement Funds the amount of $328,602.03 as reimbursement for litigation costs and expenses reasonably incurred and to be incurred in connection with the Lawsuit;

12. All of the claims asserted in this lawsuit by the Class Representatives, individually and on behalf of the Class, and all claims by and between the Settling Defendants are dismissed with prejudice, each party to bear its own costs; and

13. This Court retains jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and this Order. If this Final Approval Order is reversed on appeal, the Agreement and the final approval hearings related to it are all without prejudice to the rights of the parties to the litigation.

**IT IS SO ORDERED**

Dated: October 28, 2013

Barbara B. Crabb
District Judge